IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| HARDEE'S FOOD SYSTEMS, INC. ) d/b/a HARDEE'S RESTAURANT ) ) ) | COMPLAINT |
| Defendant. ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Alexious Cooper and other female employees who were adversely affected by such practices. The Commission alleges that Defendant Employer subjected Alexious Cooper and other female employees to sexual harassment and harassment because of sex, and that after Ms. Cooper complained about the harassment Defendant Employer reduced her hours of work in retaliation for her complaint.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§§ 2000e-5(f)(1) and (3) ("Title VII")and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Northeastern Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Hardee's Food Systems, Inc. d/b/a Hardee's Restaurant ("Defendant Employer"), has been a foreign corporation incorporated in the State of North Carolina, has continuously been doing business in the State of Tennessee and the City of Livingston, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant Employer operates a restaurant serving fast food to customers.

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Alexious Cooper filed a charge with the Commission alleging violations of Title VII by Defendant

2

Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2005, Defendant Employer has engaged in unlawful employment practices at its Livingston, Tennessee location, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. Defendant Employer subjected Alexious Cooper and other female employees to unwelcome sexual harassment and harassment based on sex that was severe and pervasive.

    a. Defendant Employer employed a male crew member who sexually harassed Alexious Cooper and other female employees in the workplace.

    b. The male crew member often subjected Alexious Cooper and other female employees in the workplace to unwelcome touching and rubbing on their buttocks and breasts.

    c. The male crew member often pressed his genitals against Alexious Cooper's and other female employee's buttocks.

    d. The male crew member also subjected Alexious Cooper and other female employees to harassment because of sex that was severe and pervasive.

    e. The harassment because of sex included throwing hot food on a female employee.

    f. The harassment because of sex included physical assaults with a box of food and with pieces of kitchen equipment on Alexious Cooper and other female employees.

g. The harassment because of sex included interfering with customer orders by deleted them from the computer screen while Alexious Cooper was attempting to prepare the orders.

9. The effect of the practices complained of in paragraphs 8 a-g above has been to deprive Alexious Cooper and other female employees of equal employment opportunities and otherwise affect their status as employees because of their sex.

10. Since at least October 2005, Defendant Employer has engaged in unlawful employment practices at its Livingston, Tennessee location, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

a. Defendant Employer has a policy prohibiting harassment in the work place.

b. Alexious Cooper and another female employee complained to Defendant Employer about being sexually harassed and harassed because of their sex by the male crew member.

c. Alexious Cooper and the other female employee's complaints complied with Defendant's policy.

d. Defendant Employer failed to take prompt, effective action to respond to, or remedy, Ms. Cooper's and the other female employee's complaints about sexual harassment and harassment because of sex, and to stop the harassment in the work place.

e. After Alexious Cooper complained to Defendant Employer, her hours of work were reduced in retaliation for her complaint.

4

11. The effect of the practices complained of in paragraphs 10 a-e above has been to deprive Alexious Cooper of equal employment opportunities and otherwise adversely affect her status as an employee because of retaliation.

12. The unlawful employment practices complained of in paragraphs 8 a-g and 10 a-e above were intentional.

13. The unlawful employment practices complained of in paragraphs 8 a-g and 10 a-e above were done with malice or with reckless indifference to the federally protected rights of Alexious Cooper and other female employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in sexual harassment.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Alexious Cooper and other female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make Alexious Cooper and other female employees whole by providing compensation for past and future pecuniary losses

resulting from the unlawful employment practices described in paragraphs 8 a-g and 10 a-e above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Alexious Cooper and other female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 a-g and 10 a-e above, including emotional distress, pain and suffering, embarrassment, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Employer to pay Alexious Cooper and other female employees punitive damages for its malicious and reckless conduct described in paragraphs 8 a-g and 10 a-e above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

(Concluded on next page.)

**RONALD S. COOPER**
General Counsel

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*[signature]*

**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

*[signature]*

**DEIDRE SMITH**
Supervisory Trial Attorney
Tennessee Bar No. 018499

*[signature]*

**CARSON L. OWEN**
Senior Trial Attorney
Tennessee Bar No. 009240

1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0133

*Sally Ramsey by Carson L. Owen by permission*

**SALLY RAMSEY**
Senior Trial Attorney
Tennessee Bar No. 018859

50 Vantage Way, Suite 202
Nashville, Tennessee
(615)736-2105